**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| FRYDEL RIQUELME SAMAYOA, | No. 15-72298 |
| Petitioner, | Agency No. A026-989-142 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017**

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Frydel Riquelme Samayoa, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") removal order. Our jurisdiction is governed by

8 U.S.C. § 1252. We review de novo questions of law and constitutional claims.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA correctly determined that Samayoa is statutorily ineligible for adjustment of status because his controlled substance violation renders him inadmissible. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1255(i)(2)(A).

The BIA also correctly determined that Samayoa is statutorily ineligible to apply for relief under former 8 U.S.C. § 1182(c) because he was not admitted as a lawful permanent resident of the United States. *See* 8 U.S.C. § 1182(c) (repealed 1996) (relief available to "[a]liens lawfully admitted for permanent residence"); *Matter of Ponce De Leon-Ruiz*, 21 I. & N. Dec. 154, 157 (BIA 1996) (noting eligibility under former 8 U.S.C. § 1182(c) requires an alien to be lawfully admitted for permanent residence). Samayoa's contention that former 8 U.S.C. § 1182(c) violates equal protection because it is not available to aliens not lawfully admitted for permanent residence is unavailing. *Cf. Taniguchi v. Schultz*, 303 F.3d 950, 957-58 (9th Cir. 2002) (although 8 U.S.C. § 1182(h) provides "a waiver of deportation to non-[lawful permanent resident] aggravated felons while denying such a waiver to [lawful permanent resident] aggravated felons," the distinction does not violate equal protection).

We lack jurisdiction to consider Samayoa's unexhausted contention that the IJ erred in determining that Samayoa failed to establish a fear of future persecution, and he does not challenge the BIA's determination that he waived this contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the BIA).

**PETITION FOR REVIEW IS DENIED in part; DISMISSED in part.**